UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DeANDRE D. MILES,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>R.L. GOWER,<br><br>　　　　　Respondent. | No. 2:15-cv-1938 JAM AC (TEMP) P<br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the court will grant petitioner's application to proceed in forma pauperis. See 28 U.S.C. § 1915(a).

**PRELIMINARY SCREENING**

The court has reviewed the petition in this action and has determined that it must be dismissed, but the court will grant petitioner leave to file an amended petition. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir.1990) (dismissal is appropriate when the allegations in a habeas petition are vague, conclusory, patently frivolous or false, or palpably incredible). Specifically, it is not clear from the pending petition what petitioner's claim for relief is in this federal habeas action.

Petitioner appears to claim that he is entitled to re-sentencing under Proposition 47. Proposition 47, the "Safe Neighborhoods and Schools Act," reduced some drug felonies to misdemeanors and established a resentencing mechanism under California Penal Code section 1170.18:

> Under section 1170.18, a person "currently serving" a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47. A person who satisfies the criteria in section 1170.18 shall have his or her sentence recalled and be "resentenced to a misdemeanor...unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.

People v. Rivera, 233 Cal. App. 4th 1085, 1092 (Cal. Ct. App. 2015) (quoting Cal. Pen. Code §§ 1170.18(a) and (b)).

Petitioner is advised that under 28 U.S.C. § 2254(a), a person in custody pursuant to the judgment of a state court may seek federal habeas relief "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A change in state sentencing law does not generally raise a federal constitutional question, although the alleged misapplication of state sentencing law may in very rare circumstances support such a claim. See Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (federal habeas relief is "unavailable for alleged error in the interpretation or application of state law"); Sturm v. California Adult Authority, 395 F.2d 446, 448 (9th Cir. 1967) (redetermination of state sentence is a matter within the authority of the state and raises no federal question); Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief."); Richmond v. Lewis, 506 U.S. 40, 50 (1992) ("[T]he question to be decided by a federal court on petition for habeas corpus is not whether the state sentencer committed state-law error.... Rather, the federal, constitutional question is whether such reliance is 'so arbitrary or capricious as to constitute an independent due process or Eighth Amendment violation.'" (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990).).

If petitioner elects to pursue this action by filing an amended petition, he will need to clarify what his federal constitutional claim is with respect to the state court's refusal to

resentence him pursuant to Proposition 47.  In this regard, petitioner will need to allege a violation of the Constitution or federal law, or allege how the adjudication of his claim(s) in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law."  28 U.S.C. § 2254.  <u>See</u> also <u>Langford v. Day</u>, 110 F.3d 1380, 1389 (9th Cir. 1996) (habeas petitioner may not "[t]ransform a state-law issue into a federal one merely by asserting a violation of due process").

      Petitioner is reminded that under Rule 2(c) of the Rules Governing Section 2254 Cases, a federal habeas petition must:

> (1) specify all the grounds for relief available to the petitioner;
>
> (2) state the facts supporting each ground;
>
> (3) state the relief requested;
>
> (4) be printed, typewritten, or legibly handwritten; and
>
> (5) be signed under penalty of perjury….

In addition, "the petition is expected to state facts that point to a 'real possibility of constitutional error.'"  Rule 4, Advisory Committee Note, Federal Rules Governing Section 2254 Cases.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 6) is granted;

2. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;

3. Any amended petition petitioner elects to file must be filed on the form employed by this court and must state all claims and prayers for relief on the form.  It must also bear the case number assigned to this action and must bear the title "Amended Petition."  Petitioner's failure to file an amended petition will result in a recommendation for dismissal of this action; and

////

////

////

////

4.   The Clerk of the Court is directed to send petitioner the form petition for habeas corpus relief in this court.

DATED: May 3, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE